IN THE UNITED STATES DISTRICT COUR
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**TIMOTHY B. STOKES,**

    **Petitioner,**

v.                               **No. 11-cv-187-DRH**

**LISA J. W. HOLLINGSWORTH,**

    **Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

    Petitioner, currently incarcerated in the United States Prison in Marion, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the respondent's denial of his application for placement in a halfway house during the final twelve months of his sentence (Doc. 1). Petitioner is currently serving a 183-month sentence as a result of his conviction in this Court after a jury trial on March 24, 1999, of distribution and possession of crack cocaine with intent to distribute, and two firearms offenses. *United States v. Stokes*, 98-cr-30175-MJR.

    Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." RULES GOVERNING § 2254 CASES IN THE U.S. DIST.

CTS. R. 4 (2011). Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. *Id.* R. 1(b). After carefully reviewing the petition in the present case, the Court concludes that further review of petitioner's claims is appropriate.

Under the Second Chance Act of 2007, 18 U.S.C. § 3624(c), a prisoner may be placed in a community correctional facility (petitioner uses the term Residential Reentry Center) for up to twelve months before the end of the term of incarceration. Petitioner requested the full twelve months, but was told he would only be allowed a community placement for the final six months of his sentence. Petitioner made a formal request on August 4, 2010, to his case manager for an explanation of the decision to deny him community placement for the additional six months. She responded that because of petitioner's "limited learning skills," he would be better served by spending the additional six months in prison where he could work to complete his G.E.D. (Doc. 1, p. 3; Doc. 1-1, p. 1). Petitioner submitted further requests for review through the Bureau of Prisons' grievance procedure, but the decision denying him the additional six months was upheld.

Petitioner argues that the respondent is required to consider each of the five criteria enumerated in 18 U.S.C. § 3621(b)(1) through (5) when making a decision about an inmate's eligibility for halfway house placement. *See* 18 U.S.C. § 3624(c)(6)(A). He claims that in his case, none of these five factors were considered, and therefore the decision was improper and contrary to the Second Chance Act and regulations adopted to implement that Act. Furthermore, he asserts that his limited

education and skills should be considered as extraordinary circumstances in favor of an earlier community placement to assist him in reintegration into society, instead of a reason to deny him the additional six months.

Petitioner is "seeking what can fairly be described as a quantum change in the level of custody," *Graham v. Broglin,* 922 F.2d 379, 381 (7th Cir.1991), and is challenging the execution of his sentence; therefore, he has properly brought his claims under the umbrella of 28 U.S.C. § 2241. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998).

## **Disposition**

**IT IS HEREBY ORDERED** that respondent shall, within twenty-three (23) days of receipt of this application for Writ of Habeas Corpus, answer and show cause why the writ should not issue.

Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of

this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. See FED. R. CIV. P. 41(b)

**IT IS SO ORDERED.**

Signed this 11th day of October, 2011.

David R. Herndon
2011.10.11
15:20:37 -05'00'

**Chief Judge**
**United States District Court**